UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER M. BITTENBENDER,

       Plaintiff,                                    Case No: 1:12-cv-283

v                                                   HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs (Dkt 19), requesting $4,125.00, as detailed in the motion. Defendant does not oppose the motion and, in fact, stipulated to Plaintiff's proposed order (Dkt 20). The motion was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny in part and grant in part Plaintiff's motion. The matter is before the Court on Plaintiff's objection to the Report and Recommendation (Dkt 22). Defendant did not file a response to the objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies Plaintiff's objection and approves and adopts the Report and Recommendation.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), provides a mechanism for a party to recover her fees and other expenses, including reasonable attorney fees, when the party prevails in a lawsuit against the United States government. The statute provides that the court shall award these fees and other expenses if: (1) the party is a "prevailing party"; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4)

the party timely files a petition supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007). There is no dispute that these conditions have been satisfied in this case, nor is there any objection to the number of hours claimed or the hourly rate requested. The objection at bar concerns whether the Magistrate Judge properly rejected Plaintiff's request that the award be made payable directly to her attorney.

The EAJA provides in pertinent part that the court shall award fees "to a prevailing party," 28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court has held that the statute's "plain text ... awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, ___ U.S. ___; 130 S. Ct. 2521, 2527; 177 L. Ed. 2d 91 (2010).

Plaintiff argues that the Magistrate Judge, in indicating that Plaintiff's contractual obligations to her attorney are not part of this case, overlooked the Fee Agreement she filed with her Complaint in this Court on March 22, 2012, assigning "any court awarded EAJA attorney fees to my attorney" (Dkt 2-1). According to Plaintiff, the Supreme Court in *Astrue* acknowledged that an award of EAJA fees may be payable directly to the claimant's attorney where, as here, there is a valid assignment of those fees after the award becomes final (Dkt 22 at 2). Plaintiff requests that the Court therefore orders the EAJA award be made payable to her attorney "so long as Plaintiff does not owe a debt subject to offset" (Obj., Dkt 22 at 2). In the proposed order, the parties stipulated to a similar arrangement, providing that "the attorney fees and costs may be paid to Plaintiff's Counsel provided that Plaintiff owes no debt to the Federal Government that is subject to offset" (Dkt 20 at 2).

In *Astrue*, the Supreme Court determined that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a [] conclusion" different from the conclusion that the statute's "plain text ... awards the fees to the litigant." 130 S. Ct. at 2527-28. The Court observed that the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government *and* assigns the right to receive the fees to the attorney." *Id.* at 2529 (emphasis added; citation omitted).

Here, where the Court is unaware of whether Plaintiff owes a debt to the United States, the Court determines that the proper course under *Astrue* is the course recommended by the Magistrate Judge, to wit: to decline to order that fees be awarded directly to Plaintiff's counsel.  Defendant retains the authority to determine whether Plaintiff owes a debt to it.  If no such unpaid debt exists, or if the EAJA fees remain after a government offset, then there appears no reason on the present record for Defendant not to honor Plaintiff's assignment to her attorney.  Accordingly:

**IT IS HEREBY ORDERED** that the Objection (Dkt 22) is DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 25) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (Dkt 19) is GRANTED IN PART and DENIED IN PART; Plaintiff is awarded $4,125.00 in fees and costs.

Dated: April 15, 2013  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge